## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **EXPERIAN MARKETING SOLUTIONS, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO. 8:09-cv-24** |
| **v.** | ) | |
| | ) | **STIPULATED PROTECTIVE ORDER** |
| **U.S. DATA CORPORATION and** | ) | **REGARDING CONFIDENTIAL** |
| **JEFF HERDZINA,** | ) | **INFORMATION** |
| | ) | |
| **Defendants.** | ) | |

**THE COURT FINDS** that:

A.  Plaintiff Experian Marketing Solutions, Inc ("Experian") and Defendant U.S. Data Corporation ("U.S. Data"), are competitors, and they each maintain proprietary information and may maintain personally identifiable non-public information regarding consumers, the disclosure of which may be subject to various federal and state laws.  Experian, U.S. Data, and Jeff Herdzina collectively are referred to herein as the "Parties."  The Parties mutually desire that the Court enter a confidentiality order limiting use, access to, and disclosure of confidential and proprietary information.

B.  The Court finds that the Parties have demonstrated good cause to enter this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

## PROTECTIVE ORDER

### 1.  Proceedings and Form of Information Governed

This Protective Order governs any documents or things, or portion thereof, information, or any other form of evidence or discovery contemplated under Rules 26 to 37 and 45 of the Federal Rules of Civil Procedure which is designated as "protected information" as that term is defined in this Protective Order, and is furnished by any Party or nonparty to any Party in connection with this action.  Any document or form of evidence or discovery, or portion thereof, contemplated by the Federal Rules of Civil Procedure including, but not limited to, documents and tangible things, electronically stored information, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, and compilations thereof, may be designated as "protected information" to the extent otherwise permitted by this Protective Order.

2. **Definition of Protected Information**

a.  The term "protected information" shall be interpreted to mean information that is confidential and/or proprietary to one of the Parties or to the producing person.  Such information may include any sensitive business, financial, or proprietary information or documents, the disclosure of which might adversely affect a Party or the producing person or its competitive position or business operations, including any trade secret or other confidential research, development, or commercial information.

b.  This Protective Order includes not only those items or things that are expressly designated as "protected information," but also any information derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.

c.  By entering this Protective Order, this Court is making no finding whether or not any information that a producing party may designate as "protected information" under this Protective Order qualifies as a trade secret under the Illinois Trade Secrets Act, 765 ILCS § 1065 *et seq.*, the Nebraska Trade Secrets Act, Neb. Rev. Stat. § 87-501 *et seq*., the Uniform Trade Secrets Act, or any other applicable trade secrets statutes.

3. **Designation of Protected Information**

a.  Any information produced in this action that is reasonably believed by a Party or the producing person to contain "protected information" may be designated by the Party or the producing person as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY, as appropriate.

b.  A Party or producing person shall designate information as CONFIDENTIAL – ATTORNEY'S EYES ONLY only when the designating Party or person in good faith believes that the "protected information" qualifies as a trade secret.

c.  The existence of this Protective Order shall be disclosed to any person producing documents or tangible things, or testimony, in this action who may reasonably be expected to desire confidential treatment for such documents or tangible things, or testimony.  Any such person, or any Party, may designate appropriate documents or tangible things, or testimony, produced by such person as "protected information."

d.  The designation of "protected information" shall be made at the following time:

i.  for documents and tangible things, at the time of the production of the documents or things pursuant to Rule 34 or Rule 26(a)(1) of the Federal Rules of Civil Procedure.  If a producing person or Party elects to produce documents and tangible things for inspection

-2-

pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, then no designation need be made prior to the inspection, and all such documents and tangible things shall be considered CONFIDENTIAL – ATTORNEY'S EYES ONLY until such time as copies of such documents or things are produced to the receiving Party and are not so designated;

    ii.   for written responses to interrogatories or requests for admissions, at the time of the written response;

    iii.   for declarations, affidavits, pleadings, and other court filings at the time of the filing of such document (*see* ¶ 9(d)); and

    iv.   for deposition testimony, at the time of the testimony (*see* ¶ 9(b)) or in writing within thirty (30) business days after receipt by the designating Party of the transcript of the deposition.

    e.   The designation of "protected information" shall be made in the following manner:

    i.   for documents, by placing a legend on each page of each such document;

    ii.   for tangible objects, by placing a label or tag on the object or the container therefore or, if not practicable, as otherwise agreed:

    iii.   for written responses to interrogatories or requests for admissions, on the face of any such responses;

    iv.   for declarations, affidavits, pleadings, and other court filings on the face of any such document;

    v.   for depositions, following the procedure set forth in ¶ 9(b) or in writing within thirty (30) business days after receipt by the designating Party of the transcript of the deposition; and

    vi.   for material produced in electronic format, by placing a label on the CD or other media containing the material (and anything printed from an electronic document designated as containing "protected information" shall be marked as such with an appropriate designation pursuant to paragraph 3.e.i. of this Protective Order).

    f.   It shall be the duty of the Party or person seeking protection of "protected information" to identify those materials and testimony that are to be considered "protected information" to the receiving Party.

g.   Each Party retains the right subsequently to redesignate documents and to require such redesignated documents to be treated in accord with such redesignation from the time the receiving Party is notified in writing of the redesignation.

h.   The inadvertent or unintentional disclosure of "protected information" by the designating Party or person, regardless of whether the information was designated "protected information" at the time of disclosure, shall not be treated as a waiver in whole or in part of a designating Party's or person's claim of confidentiality, either as to the specific information disclosed or as to any other information on the same or a related subject.   Neither the failure to designate information in accordance with this Protective Order nor the failure to object to a designation at a given time shall preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.

### 4.   Use of "Protected Information" Generally

a.   Information designated as "protected information" obtained pursuant to discovery in this action shall be subject to this Protective Order.   Such "protected information" may be used only for purposes of preparation, trial, and appeal of this action, and may not be used for any other litigation or business, commercial, competitive, personal, or other purpose whatsoever.   Such "protected information" shall be held in confidence by each person to whom it is disclosed, and may not be disclosed to any person or entity, except as permitted by this Protective Order.   All produced "protected information" shall be carefully maintained by the receiving Party, and access to such "protected information" shall be permitted only to persons having access thereto under the terms of this Protective Order.

b.   "Protected information" shall be kept to a level of confidentiality, as designated by the designating Party, as set forth in Paragraphs 3(a) and (b).

### 5.   Resolution of Disputes Regarding Designation of "Protected Information"

a.   A Party shall not be obligated to challenge the propriety of a protected designation and a failure to do so shall not preclude a subsequent challenge of the propriety of such designation.

b.   In the event that any Party disputes the designation of "protected information," such Party shall so inform the designating Party by written notice, and the Parties shall meet and confer in a good faith effort to resolve the dispute.

c.   In the event that the Parties are unable to resolve a dispute regarding designation of "protected information" as CONFIDENTIAL, the Party disputing the designation may request appropriate relief from the Court.   The burden of establishing that information has been properly

-4-

designated as "protected information" is on the Party making such designation. This Protective Order does not alter the burden imposed by law on any Party seeking to uphold any limitation on the production or dissemination of materials. In connection with a dispute, any such document designated CONFIDENTIAL may be submitted to the Court for *in camera* review if the Court so requests.

d. In the event that the Parties are unable to resolve a dispute regarding designation of "protected information" as CONFIDENTIAL – ATTORNEY'S EYES ONLY, the Party disputing the designation may request appropriate relief from the Court. The burden of establishing that information has been properly designated as CONFIDENTIAL – ATTORNEY'S EYES ONLY, is on the party making such designation. This Protective Order does not alter the burden imposed by law on any Party seeking to uphold any limitation on the production or dissemination of materials. In connection with a dispute, any such document designated CONFIDENTIAL – ATTORNEY'S EYES ONLY may be submitted to the Court for in camera review if the Court so requests.

e. Counsel for a non-designating Party shall have the right to assert that any information designated protected is, in fact, in the public domain. Any information which is public knowledge or, which, after disclosure, becomes public knowledge other than through an act or omission of a Party receiving the information designated as protected, shall be deemed to be in the public domain. A non-designating Party or person asserting that designated "protected information" is in the public domain shall, prior to any disclosure of such information (other than as provided by this Order), either obtain the written approval of the designating Party, or the approval of the Court to make such disclosure.

f. Counsel for a non-designating Party may challenge any designation of "protected information" for any information which, prior to its disclosure under the Protective Order, is lawfully in the possession of a non-designating Party prior to the receipt of such information under this Protective Order.

g. If a non-designating Party challenges the confidentiality or designation of information produced pursuant to this Order, the designating person or Party shall have the burden of establishing the confidential nature of the material and/or the proper categorization thereof. The challenged designation shall remain in effect unless and until amended by order of the Court or agreement of the designating Party.

**6. Access to CONFIDENTIAL Information**

a. Access to "protected information" designated CONFIDENTIAL shall be limited to the following "Qualified Persons."

i.   The outside attorneys of record in this action, namely attorneys of record at the law firms of Michael Best & Friedrich LLP, Cline, Williams, Wright, Johnson and Oldfather, L.L.P., and McGrath North Mullin & Kratz, PC LLO, and their respective employees and staff who are responsible for assisting in the preparation, trial, or appeal of this action, are Qualified Persons.  Before any such person is permitted access to any of the "protected information," such person shall be informed of the existence and contents of this Protective Order.

ii.   Members of organizations retained by the outside attorneys of record to provide litigation support services in this action are Qualified Persons.  Before any such person is permitted access to any of the "protected information," such person shall be informed of the existence and contents of this Protective Order.

iii.   Independent experts and independent consultants (collectively, "experts") retained in this action by the outside attorneys of record, in so far as the attorneys of record may deem it necessary for the preparation, trial, or appeal of this case to consult with such experts are Qualified Persons, provided that any such actual or contemplated expert is not otherwise employed in any capacity by any of the Parties (including their affiliates, predecessors-in-interest, or successors-in-interest) hereto or their respective counsel.  Any expert must agree to be bound by the confidentiality restrictions contained in this Protective Order and acknowledge that such confidentiality restrictions shall bind the expert in all future employment by other entities.  Before any such expert is permitted access to any of the "protected information," the following three conditions must be met:  first, such expert must be informed of the existence and contents of this Protective Order, and the conditions set forth in Paragraph 8 of this Protective Order must be fulfilled, second, the expert must be identified to opposing counsel and the acknowledgement form signed by the expert must be sent promptly to all counsel of record and, third, opposing counsel will have ten (10) business days, after receipt of the expert's identity and signed acknowledgment, to object in good faith, in writing, to disclosure of "protected information" on the basis that disclosure of "protected information" to the proposed expert would result in material risk of disclosure or misuse of the "protected information."  If such objection is made, the disclosure shall not be made until the objection is resolved in Court or otherwise.  Notwithstanding any of the foregoing, the Parties may petition the Court for leave to retain an expert who is otherwise disqualified by the provisions of this Paragraph, petition the Court for disqualification of an expert who is not otherwise disqualified by the provisions of this Paragraph, and petition the Court to condition an expert's engagement in a manner not otherwise provided for, or otherwise contemplated, by this Protective Order.

-6-

iv.  In-house counsel of the receiving Party who are actively engaged in the management or conduct of this case and their supporting staff are Qualified Persons.  In-house counsel shall be identified to the other Parties prior to making any disclosure of "protected information" to such in-house counsel.  The following counsel are Qualified Persons:

**For Experian:**    David Strauss, Ann Sterling, Abril Turner

**For U.S. Data:**    Not applicable.

In addition, a Party may propose designating persons under this Paragraph in addition to the persons identified above.  In the event that one of the above persons ceases to be counsel for a Party under this paragraph, that Party may designate a replacement counsel as a Qualified Person.  Any other Party may object to such designations pursuant to the procedure set forth in Paragraph 6(a)(iii) of this Protective Order relating to experts.  Whether the designated person is already a "Qualified Person" under a different Paragraph shall not constitute a reason for objecting to such designation.  Before any such person is permitted access to any of the "protected information," such person shall be informed of the existence and contents of this Protective Order.

v.  The following owners, officers, directors, or employees of the Parties are Qualified Persons:

**For Experian:**    Donald Coons, Edward Connolly, Scott Diekmann, Rick Irwin

**For U.S. Data:**    Jeff Herdzina, Erich Kaminsky, Justin Benton, Mollie Benton

Before any such person is permitted access to any of the "protected information," such person shall be informed of the existence and contents of this Protective Order.  In the event that one of the above persons ceases to be an owner, officer, director, or employee of a Party, as the case may be, that Party may designate a replacement owner, officer, director, or employee as a Qualified Person.  Prior to making any disclosure of "protected information" to the designated replacement, the Party shall provide notice of the substitution in writing to the other Parties.  Any other Party may object to the substitution pursuant to the procedure set forth in Paragraph 6(a)(iii) of this Protective Order relating to experts.

vi.  Subject to prior written approval by the Party designating the material as "protected information," agreeing that the material may be disclosed to the witness, duly noticed prospective witnesses who are required for purposes of this litigation to testify or be cross-examined at a deposition, hearing, or trial on facts contained in any material designated as containing "protected information" may be shown such "protected information."  Prior

permission is not required to show "protected information" to any current owner, employee, or agent of the producing Party.  If the producing Party withholds such express written approval, the Party seeking to provide the material to the prospective witness may petition the Court for leave to do so.  Before any such prospective witness is permitted access to any "protected information," such witness shall be informed of the existence and contents of this Protective Order.  Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

vii.   Court officials involved in this litigation (including court reporters, persons operating video recording equipment, and any special master appointed by the Court) are Qualified Persons.

viii.   Such other persons as hereafter may be designated by prior written agreement of the Parties in this action or by order of the Court as Qualified Persons.  Before any such person is permitted access to any of the "protected information," such person shall be informed of the existence and contents of this Protective Order.

b.  All materials containing "protected information" marked CONFIDENTIAL shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Protective Order.

### 7.  Access to CONFIDENTIAL – ATTORNEY'S EYES ONLY Information

a.  Access to materials and information marked CONFIDENTIAL – ATTORNEY'S EYES ONLY shall be limited to the "Qualified Persons" identified in Paragraph 6(a)(i), (ii), (iii), and (vii). "Qualified Persons" identified in Paragraph 6(a)(viii) may have access to materials and information marked CONFIDENTIAL – ATTORNEY'S EYES ONLY if specifically allowed by prior written agreement.  In the event that a Party desires to provide CONFIDENTIAL – ATTORNEY'S EYES ONLY materials or information to a Qualified Person identified in Paragraph 6(a)(vi), said Party must first obtain written permission from the producing Party, unless such person is a current owner, employee, or agent of the producing Party.  If the producing Party withholds such permission, the Party seeking to provide the materials or information to a Qualified Person identified in Paragraph 6(a)(vi) may petition the Court for leave to do so.

b.  All materials containing "protected information" marked CONFIDENTIAL – ATTORNEY'S EYES ONLY shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under Paragraph 7(a) of this Protective Order.  Under no circumstances is information marked CONFIDENTIAL – ATTORNEY'S EYES

-8-

ONLY to be maintained, in any form (electronic or otherwise), on the premises of the Parties to this action.

**8.    Disclosure of "Protected Information"**

a.    All individuals to whom "protected information" is to be disclosed shall be informed of the existence of this Protective Order, shall be provided with a copy thereof, and shall be instructed that such matter may not be used other than in connection with this action, and may not be disclosed to anyone or used other than as contemplated by this Order.

b.    Before disclosing any document, information, or material designated as "protected information" to a "Qualified Person" identified in Paragraphs 6(a)(ii), (iii), (v), (vi) and (viii), each such individual shall acknowledge in writing in the form attached hereto as Exhibit A that he/she has been informed of this Order and that:

   i.    the signatory has read and understands this Order and agrees to be bound by its terms in all respects;

   ii.    the signatory understands that disclosure of "protected information," other than as provided in this Protective Order, may constitute contempt of Court; and

   iii.    the signatory consents to the exercise of personal jurisdiction by this Court for the purposes of enforcing the Protective Order.

c.    It shall be the obligation of the receiving Party and its counsel to obtain and maintain copies of such acknowledgments.

**9.    Use of "Protected Information" in Conduct of This Action**

a.    "Protected information" may be used by the attorneys of record in good faith in conducting discovery, including depositions, provided that the "protected information" is protected pursuant to the terms and conditions of this Protective Order.

b.    During the course of any deposition, upon any inquiry with regard to the content of a document marked CONFIDENTIAL, or when counsel for a person (Party or nonparty) deems in good faith that the answer to a question may result in the disclosure of "protected information" within the meaning of this Order, counsel for the person whose information is involved, at his or her option, in lieu of taking other steps available in such situation, may direct that the transcription of the questions and answers be marked as CONFIDENTIAL.  When such a direction has been given, the disclosure of the testimony shall be limited in the manner specified in Paragraphs 6 and 8 of this Protective Order, and the information contained therein shall not be used for any purpose other than

as provided in this Order.  Counsel for the person whose "protected information" is involved may also request that all persons other than the reporter, counsel, and individuals authorized under Paragraphs 6 and 8 of this Protective Order leave the deposition room during the confidential portion of the deposition.  The failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question and terminate the deposition.

 c. During the course of any deposition, upon any inquiry with regard to the content of a document marked CONFIDENTIAL – ATTORNEY'S EYES ONLY, or when counsel for a person (Party or nonparty) deems in good faith that the answer to a question may result in the disclosure of "protected information" within the meaning of this Order, counsel for the person whose information is involved, at his or her option, in lieu of taking other steps available in such situation, may direct that the transcription of the questions and answers be marked as CONFIDENTIAL – ATTORNEY'S EYES ONLY.  When such a direction has been given, the disclosure of the testimony shall be limited in the manner specified in Paragraphs 7 and 8 of this Protective Order, and the information contained therein shall not be used for any purpose other than as provided in this Order.  Counsel for the person whose "protected information" is involved may also request that all persons other than the reporter, counsel, and individuals authorized under Paragraphs 7 and 8 of this Protective Order leave the deposition room during the confidential portion of the deposition.  The failure of such other persons to comply with a request to leave the deposition may constitute substantial justification for counsel to advise the witness that he or she need not answer the question and terminate the deposition.

 d. Notwithstanding the Parties' designation of "protected information," any court hearing which refers to or describes "protected information" shall in the Court's discretion be held in open court with records unsealed, unless there is a specific showing under law that confidentiality is required.  The disclosing Party has the option to request that the proceeding be conducted in camera, out of the presence of all persons who are not Qualified Persons pursuant to Paragraphs 6 or 7 of this Order (depending on the level of confidentiality designated for such "protected information"), and that any transcript relating thereto, subject to the Court's approval, be designated as "protected information."

 e. All information designated as "protected information" which is filed with the Court shall be filed as restricted documents under the Court's CM/ECF system.  The cover page shall include the words CONFIDENTIAL UNDER PROTECTIVE ORDER or CONFIDENTIAL UNDER PROTECTIVE ORDER – ATTORNEY'S EYES ONLY, as appropriate.  Exhibits submitted to the Court for trial should include the appropriate legend both on the documents in question and on the outside of any notebook containing those documents.

     f.   Should a Party fail to file any "protected information" in accordance with this Protective Order, any Party who in good faith believes that designation and filing as a restricted document is required may do so within ten (10) business days of learning of the defective filing.  Notice of such designation shall be given to all parties.

### 10.  Party's Own Information

The restrictions on the use of "protected information" established by this Protective Order are applicable only to the use of "protected information" received by a Party from another Party or from a nonparty.  A Party is not bound by the restrictions on the use of "protected information" established by this Protective Order with regard to its own "protected information."

### 11.  Disclosure to Author, Addressee, Recipient

Nothing in this Protective Order shall prohibit a Party, or its counsel, from disclosing a document which contains "protected information" to the person who is an author or addressee of such document, or who lawfully received such document prior to the receipt the document under this Protective Order.  No person to whom disclosure is made pursuant to this provision shall make or be given a copy of the disclosed document to retain.  Such person shall be permitted only to inspect a copy of the disclosed document and prepare handwritten notes; no other method of preparing notes is permitted.  All such handwritten notes shall be retained by counsel for the disclosing Party consistent with this Order.

### 12.  Material Subpoenaed or Ordered Produced in Other Litigation

If at any time any material including "protected information" as governed by this Order is subpoenaed by any court, administrative agency, legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena is directed shall, within five (5) business days after receiving the subpoena, give written notice, and include a copy of the subpoena or request, to the Party  or person who designated the material as "protected material."  The designating party must in a timely fashion respond by indicating whether it intends to challenge the subpoena.  If the designating Party or person, or any other Party, timely advises the Party to whom the subpoena is directed that is has moved for protection of the "protected material," the person to whom the subpoena is directed shall not produce or divulge the contents of the material until such motion is resolved.

### 13.  Rendering Advice to Clients

Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation and, in the course of rendering advice,

referring to or relying generally on the examination of "protected information" produced or exchanged; provided however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of any "protected information" produced by another Party or person if that disclosure would be contrary to the terms of this Protective Order. Further, nothing in this Protective Order prevents any outside attorney from advising his or her clients regarding general strategy so long as the attorney does not disclose the contents of any "protected information" in a manner contrary to the terms of this Protective Order.

### 14.  Production of Privileged Information

a.   In the event that a Party determines that a document or thing, including electronically stored information, subject to a privilege from discovery has been produced inadvertently, that Party shall bring the inadvertent production to the attention of all other Parties in this action within five (5) business days of the date on which the Party discovers the inadvertently produced document or thing.  Upon receipt of such notice, the inadvertently produced document and/or thing, and all copies thereof, shall be returned promptly to the producing Party or person, and the receiving party shall refrain from any use of the privileged materials or information unless otherwise ordered by the Court. Such inadvertent disclosure shall not result in the wavier of any associated privilege.  Nothing in this paragraph limits the right of any Party to object to the assertion of the privilege.

b.   If a party disputes in good faith a claim of inadvertent production of privileged materials or information pursuant to paragraph 14(a), the Parties shall promptly meet and confer to attempt to resolve the claim of privilege.  If the Parties are unable to reach a resolution, then the receiving party shall refrain from using or otherwise disclosing the allegedly privileged materials or information until the dispute is resolved by the Court.

### 15.  No Waiver

Other than as specified in this Protective Order, the taking of or the failure to take any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief in this action or any other action, such right including, but not limited to, the right to claim that any information is or is not proprietary to any Party, is or is not entitled to particular protection, or that such information does or does not embody the trade secrets of any Party.  The procedures set forth in this Protective Order shall not affect the rights of Parties to seek additional protection from the Court, nor shall it affect the rights of Parties to object to discovery on grounds other than those related to confidentiality, trade secret, or proprietary information claims, nor shall it relieve a Party from the duty to respond to discovery requests under the Federal Rules of Civil Procedure.

### 16. No Probative Value

a.   This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any "protected information."

b.   The fact that information is designated "protected information" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.  Provided that a Party complies with the procedures outlined in this Protective Order, this Order shall be without prejudice to the right of any Party to bring before the Court the questions of: (a) whether any particular material is or is not confidential; (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (c) whether any particular information or material is or is not relevant or otherwise admissible under the Federal Rules of Evidence in this case.

c.   Absent a stipulation of all Parties, the fact that documents or information have been designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY pursuant to this Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation.  The fact that any documents or information are disclosed, used, or produced in discovery or trial herein shall not be deemed admissible, nor offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether such information is confidential or proprietary.

d.   In agreeing to this Protective Order or in signing any acknowledgment in connection therewith, the Parties have not conceded any issue of subject matter jurisdiction, personal jurisdiction, or venue in connection with this action.  This Protective Order has no probative value with respect to any issue of subject matter jurisdiction, personal jurisdiction, or venue in connection with this action.

### 17. Termination of Litigation

Within thirty (30) days of the final disposition of the above-captioned case, whether by judgment and exhaustion of all appeals, or by settlement, the attorneys of record:

a.   shall destroy or return to the disclosing party, or its attorney of record, the "protected information" in their possession, custody, or control or in the possession, custody or control of their staff;

b.   shall insure that all the "protected information" in the possession, custody, or control of their experts is destroyed or returned to the disclosing Party or person, or its attorney of record;

-13-

c.   shall destroy all notes, memoranda, or other documents which contain excerpts from any of the "protected information;" and

d.   shall consent to the Court's destruction of such "protected information," and if the Court is not willing to destroy such "protected information," then consent to withdraw from the Court all "protected information" filed, lodged, or otherwise delivered to the Court under seal pursuant to Paragraph 9 of this Order.

Notwithstanding any of the foregoing, any Party may retain copies of any material filed with the Court.

## 18.  Enforcement of This Protective Order

This Protective Order shall survive the final conclusion of the action and the Court shall have jurisdiction to enforce this Order beyond the conclusion of this action.

## 19.  Modification of This Protective Order

In the event any Party hereto seeks a court order that in any way seeks to vary the terms of this Protective Order, said Party shall make such request in the form of a written stipulation, or noticed motion to all Parties that must be served and filed in accordance with local court rules.

## 20.  Severability

The invalidity or unenforceability of any provision of this Protective Order shall not affect the validity or enforceability of any other provision.

**DATED May 4, 2009.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**

**Exhibit A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **EXPERIAN MARKETING SOLUTIONS, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CASE NO. 8:09-cv-24** |
| **v.** ) | |
| ) | Declaration Regarding |
| **U.S. DATA CORPORATION and** ) | Receipt Of Protected Information |
| **JEFF HERDZINA,** ) | |
| ) | |
| **Defendants.** ) | |

I, _____, declare as follows:

1.   I have read the attached Protective Order regarding "protected information" entered in this matter and understand its contents.  I agree to obey by its terms in all respects.

2.   I understand that unauthorized disclosure of documents and information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY may constitute contempt of Court.

3.   I consent to the exercise of personal jurisdiction by the United States District Court for the District of Nebraska for the purposes of enforcing the Protective Order, including without limitation any contempt of court proceeding.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: _____    Signature_____

Name _____

Company _____

Street Address _____

City/State/Zip _____

Phone Number _____

-15-