## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **EXPERIAN MARKETING SOLUTIONS, INC., a Delaware Corporation, et al.,** | ) ) ) ) | **CASE NO.: 8:09CV24** |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) | **MEMORANDUM AND ORDER** |
| **U.S. DATA CORPORATION, a Nebraska Corporation, et al.,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

This matter is before the Court on the Defendants' Motion for Reconsideration (Filing No. 55). For the reasons set forth below Defendants' motion is denied.

### BACKGROUND

On September 9, 2009, the Court issued a Memorandum and Order (the "Order") (Filing No. 52) granting in part and denying in part the Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("Amended Complaint") (Filing No. 43). In the Order, the Court stated that the Supreme Court's ruling In *Dastar v. Twentieth Century Fox Film Corp*., 539 U.S. 23 (2003), did not provide a basis for dismissal of Plaintiffs' claims because the Amended Complaint sufficiently stated that the data files at issue were not communicative products. (Filing No. 52, at 15.) In support of this ruling, the Court cited federal copyright law definitions in 17 U.S.C. § 101. (*Id*.) The Court concluded that the allegations in the Amended Complaint were sufficient to survive a motion to dismiss because Plaintiffs alleged an infringement of the actual data files rather than the concepts or ideas behind them. (*Id*. at 17-18.)

Defendants' Motion for Reconsideration asks the Court to clarify that Plaintiffs' allegations sufficiently state a claim, but will not survive summary judgment or trial if the evidence shows they are barred under *Dastar*. Specifically, Defendants seek to prevent

Plaintiffs from taking the language of 17 U.S.C. § 101 in the Order out of context to contend that the law-of-the-case doctrine prevents summary judgment.

## STANDARD OF REVIEW

Motions for reconsideration are governed by NECivR 60.1(c) which states:

Motions for reconsideration are disfavored.  The court will ordinarily deny such motions in the absence of (1) a showing of manifest error in the prior ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence.

Defendants filed their Motion for Reconsideration "solely to clarify the Court's discussion of *Dastar*." (Filing No. 56, at 1.)  The Court has carefully reviewed its Order and the applicable law, and to the extent Defendants ask the Court to reconsider, the motion is denied.  The Court stated in Filing No. 52 that the allegations in the Amended Complaint sufficiently stated that the data files were tangible rather than communicative products.  The Court looked to copyright law to assist in its determination of whether data files could be tangible goods for the purpose of a motion to dismiss.  Neither the Court's reasoning nor the cases interpreting *Dastar* suggest that a work avoids the preclusive effect of *Dastar* simply by being "fixed" in a tangible medium.  Rather, the Court reached its decision because Plaintiffs alleged an infringement of the data files themselves, and not the concepts, ideas, sequences, and structures embodied in Plaintiffs' work.  The Court finds no manifest error in this ruling, nor do Defendants cite new facts or legal authority meriting reconsideration.  Accordingly,

IT IS ORDERED that the Defendants' Motion for Reconsideration (Filing No. 55) is denied.

DATED this 2nd day of November, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

2